## H. D. HALL ET AL V. MRS. R. T. RAWLS.

No. 8004. Decided May 5, 1943.
Rehearing overruled June 2, 1943.
(171 S. W., 2d Series, 324.)

*E. B. Pickett, Jr., Bradford Pickett* and *Noland D. Pickett,* all of Liberty, for petitioners.

It was error for the Court of Civil Appeals to hold that the issues of whether or not the alleged compromise agreement was ever consumated, was not the ultimate issue but only part of appellant's defense that the contract itself had been superceded by a compromise agreement; and that the issue was purely a defensive issue relied upon by appellants and if it is such an issue as the court could not find, then appellant, and not the plaintiff, Mrs. Rawls, waived it by failing to request that it be submitted. Baker v. Pierce, 259 S. W. 921; Martin v. Farmers Natl. Bank, 294 S. W. 240; Iowa City State Bank v. Milford, 200 S. W. 883.

*Horace D. Grogan,* of Liberty, *Sears, Blades, Moore & Kennerly, Fred W. Moore* and *Geo. D. Neal,* all of Houston, for respondent.

The alleged compromise and settlement was an affirmative defense which was relied upon by the petitioners to defeat the respondent's cause of action, and it was the duty of the petitioners to request the submission of such defense to the jury and having failed to make a request for such submission, the petitioners waived their defense as to this question, and the Court of Civil Appeals correctly so held. Wichita Falls & Okla. Ry. Co. v. Pepper, 134 Texas 360, 135 S. W. (2d) 79; 9. Tex. Jur., p. 338.

MR. JUDGE SMEDLEY, of the Commission of Appeals, delivered the opinion for the Court.

This case, as decided by the Court of Civil Appeals and as presented here, turns upon a question as to burden of proof and the application of Article 2190 of the Revised Civil Statutes of 1925, as amended in 1931 (Arts Regular Session, 42d Legislature, Ch. 78, p. 120), which was in effect when the case was tried.

Mrs. Rawls sued petitioners Wisdom and Hall for the title and possession of a lot numbered 9 in Block 5 of the Edwards Subdivision of the town of Cleveland, alleging specially an oral agreement whereby Wisodm, to whom she had conveyed the lot, promised to reconvey it to her. The trial court's judgment in favor of Mrs. Rawls against petitioners Wisdom and Hall for the title and possession of the lot was affirmed by the Court of Civil Appeals. 160 S. W. (2d) 1005.

Mrs. Rawls, who owned Lot 9 on and before August 19, 1935, conveyed it on that day to Wisdom by general warranty deed for a recited consideration of $750.00 paid. On the same day Wisdom executed and delivered to Mrs. Rawls his promissory note for $1,150.00, due December 29, 1938. Mrs. Rawls alleged and obtained on the trial a jury finding that when the deed and note were executed and delivered it was agreed between her and Wisdom that he would place certain improvements on the lot, would accept the use of the premises to December 29, 1938, as reimbursement to him for the cost of the improvements and would on or before that date reconvey the property to Mrs. Rawls, she to surrender to him, at the time of the reconveyance, the promissory note for $1,150.00. It clearly appears from the evidence that the note for $1,150.00 was executed for the purpose of assuring Mrs. Rawls of the performance by Wisdom of his agreement to improve and reconvey the property to her.

There was a controversy between Mrs. Rawls and Wisdom as to the terms of the oral agreement, he contending that she promised to pay him the cost of the improvements to be placed on the lot and an additional $65.00 as compensation to him and that he agreed to reconvey the lot to her when she made those payments. Wisdom made the improvements and after Mrs. Rawls declined to pay him for them he sold and conveyed the lot to petitioner, Hall, who, according to a finding made by the jury, knew that Wisdom had promised to reconvey the property to Mrs. Rawls. Thereupon Mrs. Rawls, without the consent of

Hall or Wisdom, took the possession of the lot and of the house that Wisdom had built on it.

Wisdom, as one of his defenses to the suit, alleged that there was a dispute between him and Mrs. Rawls with respect to the terms of the oral agreement made August 19, 1935, and the rights and obligations of the parties under the agreements, and that in order to settle and adjust the controversy he and Mrs. Rawls made and executed a written contract as follows:

"TO WHOM IT MAY CONCERN:

"THIS AGREEMENT made and entered into this 21st day of September, A. D. 1938, between Mrs. R. T. Rawls and F. Wisdom, that;

"WHEREAS, Mrs. R. T. Rawls holds a $750.00 note against the said F. Wisdom, and the said Mrs. R. T. Rawls has agreed to accept one certain lot, this day deeded to her, the said Mrs. R. T. Rawls, by the said F. Wisdom, and one 10 x 24 foot house, which is to be moved on the said lot at the expense of the said Wisdom, with two 12 x 12 foot rooms to be built on same, and one 6 x 12 porch, all to be at the expense of the said F. Wisdom, in payment for said moneys due on said note.

"Mrs. R. T. Rawls hereby agrees to deliver to said F. Wisdom the said note upon the completion of the above house, according to the above measurements. And further agrees to give F. Wisdom possession of the building known as the Pago Package Store, upon receipt of the said deed.

F. Wisdom
Mrs. R. T. Rawls"

Wisdom further alleged that contemporaneously with the execution of the written agreement he executed and delivered to Mrs. Rawls a general warranty deed conveying to her Lot 8 in Block 35 of the Whitmire Subdivision of the Edwards Addition to the Town of Liberty. The execution of the written contract and the execution and delivery of the deed were alleged as a full compromise and settlement of Mrs. Rawls' claims under the oral agreement of August 19, 1935.

Mrs. Rawls, in her supplemental petition, after a general denial, alleged that:

"Said alleged settlement agreement was never consummated; that at the time of the execution of said agreement plead by defendants in their said answer as dated, September 21, 1938,

plaintiff informed the defendant, Wisdom, that she wished to consult her attorney about the agreement and the deed; that on the day she received same from the said defendant Wisdom, she consulted her attorney, Mr. Love, of Cleveland, who advised her that the deed was no good and accordingly that very day she returned to Wisdom, advised him of the attorney's opinion and tendered the deed back to him, which he refused to accept."

She further alleged that:

"There was no meeting of the minds between the said F. Wisdom and the said Mrs. Rawls with reference to said alleged settlement and the agreement was never concluded, it being merely an attempt at settlement on the part of the said defendant, which plaintiff promptly refused as hereinbefore set out."

The substance of these allegations is that the contract of settlement which Mrs. Rawls and Wisdom executed was not effective or was not binding upon her, because it was agreed at the time that the contract and deed were to be submitted to her attorney for his approval, in other words, that she executed the contract conditionally, that is, subject to approval by her attorney.

Mrs. Rawls in her testimony admitted that she and Wisdom executed the written contract and that he executed and delivered to her the deed conveying Lot 8, but her testimony tends to prove that she did not intend to be bound by the settlement and that it was understood and agreed that she should not be bound until her attorney's approval of the instrument was obtained. She testified that after the written contract was executed she surrendered possession of Lot 9 to Wisdom or Hall, that the following day she took the deed to her attorney, who told her "it wasn't any good," that thereupon she offered the deed back to Wisdom, who refused to accept it, and that she moved back into the house on Lot 9.

It was proven by undisputed evidence, including testimony of Mrs. Rawls, that only the note she held against Wisdom was the note for $1,150.00, executed August 19, 1935, and that in the written contract of September 21, 1938, the parties intended to refer to that note, and further that the building described in the conract as Pago Package Store was the building on Lot 9 which Mrs. Rawls had conveyed to Wisdom.

■ The written contract of September 21, 1938, was pleaded and proved by petitioners as a complete defense to Mrs. Rawls' suit for the enforcement of the oral agreement made in August, 1935. It was an agreement shown by its terms and by the testimony of both of the parties to it to have been intended as a substitute for the oral agreement and in satisfaction of that prior agreement. It was on its face a complete and unconditional contract containing nothing to indicate that the parties were not to be bound by it unless Mrs. Rawls' attorney approved it. It is true that parol evidence was offered and admitted to prove that the note to which the contract referred was the note for $1,150.00 that had been given by Wisdom to Mrs. Rawls and that Pago Package Store was the building on Lot 9. This evidence neither varied nor enlarged the terms of the contract. It was properly admitted for the purpose of identifying the subject matter to which the written instrument referred. Chapman v. Crichet, 127 Texas 590, 596, 95 S. W. (2d) 360; Harkey v. Cain, 69 Texas 146, 149, 6 S. W. 637; Miller v. Hodges, (Com. App.) 260 S. W. 168, 170; Reed v. Merchants' Mutual Insurance Co., 95 U. S. 23, 24 L. Ed. 348; McCormick & Ray's Texas Law of Evidence, p. 1001, Sec. 746.

Respondent Mrs. Rawls' supplemental petition, wherein she alleges that the written contract was subject to approval by the attorney, is a pleading in avoidance of that part of petitioners' answer in which they plead the written contract as a settlement and compromise in defense of respondent's suit on the prior oral agreement. In this part of her supplemental petition respondent admits the execution of the contract but seeks to avoid its effect by the averment that it was conditioned upon her attorney's approval.

■ By the introduction of the written contract and the deed and the evidence identifying the subject matter of the agreement, together with the undisputed evidence that the agreement was executed by both parties and the deed delivered, petitioners established a complete defense to respondent's suit. They proved the substitution for the prior oral agreement of a written contract, by which Mrs. Rawls agreed to accept the conveyance to her of Lot 8, in lieu of the reconveyance of Lot 9, and the obligation of Wisdom to improve Lot 8, instead of his obligation to improve Lot 9, the note for $1,150.00 to be held by Mrs. Rawls to secure the performance of the obligation to make the improvements. After this proof was made, the burden of proof, in the sense of the burden of producing evidence, rested upon Mrs. Rawls to establish the allegations of her supplemental pe-

tition that the written contract was not to be effective until her attorney's approval was obtained. Baker v. Pierce, (Com. App.) 259 S. W. 921; Martin v. Farmers National Bank, 294 S. W. 240.

The two cases last cited were suits on promissory notes. In each case the defendant pleaded that the note had been paid and a release executed by the plaintiff and the plaintiff pleaded in reply that the release was executed by mistake. The plaintiff introduced his note and rested and the defendant introduced the release, proved its execution and rested. In each case it was held that the burden was then on the plaintiff to introduce proof in support of its plea of mistake and thus to avoid the release. Respondent contends that those cases are to be distinguished from the instant case, in that there the releases were clear and specific and showed that the transactions were completely executed, whereas here petitioners had to offer parol evidence to show the true meaning of the written contract. It is also argued that the written contract was only a portion of petitioners' evidence that a compromise and settlement had been made and that it was necessary for petitioners to show that the instrument in truth and in fact became a contract between the paries.

The parol evidence offered by petitioners, other than that proving that the agreement was executed and the deed delivered, was for the purpose of identifying the subject matter and, as has been said, was admissible for that purpose. Such evidence is not to complete an incomplete contract or to supply omission. It is merely interpretative of what the contract contains. In our opinion, the contract itself, with the interpretative evidence and the testimony of both parties that they executed it, constituted conclusive proof that a compromise and settlement had been made and that the instrument was in truth and in fact a contract between the parties, subject to rebuttal or avoidance by proof of a conditional execution as alleged by respondent.

Our decision that respondent had the burden of proving the facts alleged by her in avoidance of petitioners' defense does not conflict with Eastland County v. Davisson, (Com. App.) 298 S. W. 268, upon which respondent relies. In that case, which was a suit by the county against a road contractor to recover a balance due for county bonds bought by the contractor from the county, the contractor alleged in defense that the debt for which the county sued had been taken into consideration and balanced against what the county owed him in a settlement evidenced by an order of the commissioners' court. That order,

after reciting that the county was indebted to the contractor for road work according to approved estimates and that the contractor had agreed to accept 495 county road bonds at par and accrued interest, authorized the county judge to deliver the bonds to the contractor and the auditor to charge him with the par value and accrued interest and to credit the county with that sum. 290 S. W. 196, 199. The order contained no reference to the debt on which the county sued and no recital that the debt was taken into consideration, or balanced against what the county owed the contractor, in the settlement evidenced by the order. It was correctly held that the contractor had the burden of proving the defense upon which he relied, that is, that the debt for which the county sued was included in the settlement.

It follows from the conclusions which have been expressed that the issue averred in respondent's supplemental petition and raised by her testimony, that is, that the contract of settlement was conditionally executed, is not an issue that, under the provisions of Article 2190, may be deemed as found by the trial court in such manner as to support its judgment. The issue was not submitted to the jury and respondent did not request its submission. The issue is not an element of petitioners' ground of defense, not an issue necessary to sustain that ground of defense. It is, on the contrary, an issue which if sustained would avoid and defeat petitioners' ground of defense and would serve as the basis for the rendition of judgment in favor of respondent. From respondent's standpoint the issue is correctly classified as an independent ground of recovery, or it may be classified as an independent ground of defense, when considered as in answer to or in defense of petitioners' pleading of the contract as a compromise and settlement of the prior agreement. Since the issue is an independent ground of recovery or an independent ground of defense, and cannot be deemed to have been found by the trial court in such manner as to support the judgment of the trial court, that judgment, which must have for its support a finding that the contract of settlement was conditionally executed, will be reversed. Ormsby v. Ratcliffe, 117 Texas 242, 1 S. W. (2d) 1084; Wichita Falls & Oklahoma Ry. Co. v. Pepper, 134 Texas 360, 135 S. W. (2d) 79; 18 Texas Law Review, pp. 172-177.

The cause will be remanded rather than rendered, because it appears that the justice of the case demands another trial. Rule 505, Texas Rules of Civil Procedure; Colbert v. Dallas Joint Stock Land Bank, 129 Texas 235, 244, 102 S. W. (2d) 1031.

The judgments of the district court and the Court of Civil Appeals are reversed and the cause is remanded to the district court.

Opinion adopted by the Supreme Court May 5, 1943.

Rehearing overruled June 2, 1943.