No reversible error appearing, the judgment is affirmed.

Opinion approved by the court.

### RAILWAY EXPRESS AGENCY, Inc. v. BOLLIER.

No. 15394.

Court of Civil Appeals of Texas. Fort Worth.

Nov. 14, 1952.

Rehearing Denied Dec. 19, 1952.

Crowley, Hudson & Keltner and James E. Wright, all of Fort Worth, for appellant.

Rawlings, Sayers, Scurlock & Daly, and Jearl Walker, all of Fort Worth, for appellee.

RENFRO, Justice.

Suit was brought by appellee Bollier against appellant Railway Express Agency, Inc., arising out of personal injuries alleged to have been sustained while lifting a sack of mail as a messenger's helper for appellant. Appellant was subject to, but did not carry, workmen's compensation insurance.

A jury found (1) that appellant failed to provide an aisle of sufficient width between the mail sacks to permit plaintiff to perform his work without being physically handicapped, (2) such failure was negligence, (3) which was a proximate cause of appelleee's injuries. Judgment was entered on the verdict in appellee's favor in the sum of $2,000.

Appellant's first and second points of error contend the court erred in refusing to grant its motion for instructed verdict because the uncontradicted evidence shows appellee's injuries were caused solely by lifting a sack of mail while in an awkward position, or by failure to secure assistance and because appellant could not reasonably foresee that appellee would be injured in the manner claimed.

The evidence, viewed in the light most favorable to the verdict, showed that ap-

pellee was a "messenger's helper." His duty was to stack mail sacks, packages and baggage in railroad cars. The sacks and parcels were stacked along each side of the car, leaving an aisle down the center of the car. Company rules required the aisle to be at least eighteen inches wide. On the occasion in question, the car in which appellee was injured had been partially loaded in Dallas. Upon arriving in Fort Worth, "mail handlers", not employees of defendant, had piled sacks of mail in the doorway and said sacks were in the doorway when appellee went to work. Sacks and parcels had been so stacked that less than 12 inches were left open down the center aisle. Appellee pulled a heavy sack, weighing 100 to 125 pounds, down the aisle, then leaned over to lift the sack. Because of the narrow opening he could not "squat" down to brace himself, but had to turn sideways in an awkward and strained position. The stack on one side was head high and chest high on the other. When he lifted the sack he hurt his back and it felt like it "pulled in two." The injury occurred two days before Christmas, and therefore there was a rush on. There were more cars than usual. There were two other employees of appellant working on the same train, but in different cars. Appellee had no authority over them and no right to direct them in their work. There is no evidence that appellant inspected the car before appellee reported to work. The stacking had reduced the aisle to a width of ten to twelve inches before appellee went to work. Appellee was working under pressure because of the Christmas rush. If the aisle had been eighteen inches wide, as the rules required, he could have lifted the sack without injury. On appeal appellant does not question extent of appellee's injuries nor attack the verdict as excessive.

The suit was brought on the theory that appellant negligently failed to provide appellee a reasonably safe place to work at a time when the work was abnormally great.

■ It is the duty of an employer to furnish his employees with a reasonably safe place to work. Fort Worth Elevators Co. v. Russell, 123 Tex. 128, 70 S.W.2d 397; City of Austin v. Johnson, Tex.Civ. App., 195 S.W.2d 222, refused, n. r. e. The employee, so long as he exercises ordinary care for his own safety, has a right to rely upon the employer's performance of his duty to furnish a place of work fit and suitable. Beaumont, S. L. & W. Ry. Co. v. Schmidt, 123 Tex. 580, 72 S.W.2d 899, Tex. Com.App. Since appellant carried no workmen's compensation, appellee's contributory negligence, if any, was not available as a defense to appellant.

Does the evidence warrant a finding that appellant failed to furnish appellee a safe place in which to work, and that such failure was negligence and proximate cause of appellee's injury?

■ In order to justify such a conclusion, the evidence must justify a finding that the appellant ought to have foreseen the consequences in the light of the attendant circumstances. It is not required that the particular accident should have been foreseen. All that is required is that the injury be of such a general character as might reasonably have been anticipated; and that the injured party should be so situated with respect to the wrongful act that injury to him or to one similarly situated might reasonably have been foreseen. Carey v. Pure Distributing Corp., 133 Tex. 31, 124 S.W.2d 847.

■ Measured by the foregoing rules, we think the facts above set out justify the jury's findings. The jury was justified in believing that appellant knew, or in the exercise of ordinary care should have known, that the mail sacks were stacked over five feet high on one side of the aisle and four or five feet on the other, and that a narrow aisle, at least six inches narrower than the Company itself required, was an unsafe place in which to work. The jury could believe from the evidence that appellant should have inspected the car before appellee started work. In addition, the jury could consider the rush of loading Christmas packages and mail and the unavailability of assistance from fellow workers.

Believing that the jury's findings are supported by the evidence and that appellant could have reasonably foreseen an in-

jury to appellee or one similarly situated because of such negligence as found by the jury, we overrule points one and two.

The third point contends the hazard was due solely to transitory changes and conditions which developed as the work progressed.

Admittedly an exception to the general rule, requiring a safe place be furnished by the employer, exists where conditions are constantly changing as the work progresses. 35 Amer.Jur., sec. 187; Allen v. Republic Building Co., Tex.Civ.App., 84 S.W.2d 506. However, in the case before us the rule requiring an eighteen inch aisle had been violated before appellee began work. The dangerous condition was not transitory. We have already found the negligence issues, found against appellant by the jury, are supported by the evidence. Appellant had had reasonable time in which to discover said condition. When the place of work is rendered unsafe by materials placed therein, and is in that condition when the employee is directed to work therein, if the employer is negligent, as the jury has found, in permitting it to remain in an unsafe condition, the employer is liable to the employee for injuries sustained by reason of the unsafe place. Memphis Cotton Oil Co. v. Gardner, Tex.Civ.App., 171 S.W. 1082. The point of error is overruled.

Issue No. 7 reads: "Do you find from a preponderance of the evidence that plaintiff's injuries, if any he sustained on the occasion in question, resulted from a risk or risks ordinarily incident to the service in which he was engaged?" The jury answered: "Yes." The trial court disregarded said answer in entering judgment for appellee.

Appellant by points four and five argues said answer is in irreconcilable conflict with the answers to the first three issues, and that the action of the trial court in disregarding said answer was an unauthorized alteration of the verdict in a material respect.

The Supreme Court, in West Lumber Co. v. Smith, Tex.Com.App., 292 S.W. 1103, 1105, in construing Article No. 8306, R.C.

S., held: "* * * it is still true that no recovery can be had from a nonsubscriber where no negligence on his part is shown, but where the injury is due to risks inherent in a given employment." So far as we can find, said case has not been overruled. Since we have before us a jury finding that appellant was guilty of negligence, it would seem that the finding that the injuries to plaintiff resulted from risks inherent in the work would be in conflict therewith, if said finding had included sole proximate cause. We conclude the issue on risk incident did not go far enough to defeat appellee's recovery.

The jury was properly instructed as to proximate cause. The definition informed the jury that there may be more than one proximate cause. With that definition before them, they answered that appellant's negligence was a proximate cause of appellee's injuries. The issue on "risk incident" was not accompanied by any definition or instruction. It merely asked if the injury "resulted from a risk or risks ordinarily incident to the service in which he was engaged." It does not embody either proximate cause or sole proximate cause. The risk incident to the work could be a proximate cause without being the sole proximate cause. Where the nonsubscribing employer is negligent in failing to furnish a safe place to work, he is liable to the employee even though the risk incident to the work is partially the cause of the injury.

We believe that to avail itself of the defense of risks incident to the work, appellant should have secured the submission of an issue inquiring if the sole proximate cause of plaintiff's injuries was due to the risks inherent in the work.

In Railway Express Agency, Inc., v. Gray, Tex.Civ.App., 211 S.W.2d 1013, refused n. r. e., and Marshall v. Hall, Tex. Civ.App., 151 S.W.2d 919, writ dismissed, the issue was submitted as we have suggested. West Lumber Co. v. Smith, supra, is cited in both cases.

Since issue No. 7 did not call for a finding as to sole proximate cause, it is not in irreconcilable conflict with the issues 1,

2, and 3, and the court did not err in disregarding same in rendering judgment. Commercial Standard Ins. Co. v. Noack, Tex.Com.App., 62 S.W.2d 72.

The judgment of the trial court is hereby affirmed.

Affirmed.