**GREAT ATLANTIC & PACIFIC TEA COMPANY, Appellant,**

v.

**Joe LANG, Appellee.**

No. 3226.

Court of Civil Appeals of Texas.

Eastland.

May 11, 1956.

Rehearing Denied June 15, 1956.

---

John N. Touchstone, Jr., Dallas, for appellant.

Dan Abbott, Abilene, for appellee.

LONG, Justice.

This suit was instituted by Lloyd Lang, individually and as next friend for his minor son, Joe Lang, against the Great Atlantic & Pacific Tea Company to recover damages for a personal injury alleged to have been sustained by Joe Lang as a result of negligence of the defendant. Plaintiff alleged that on or about the 27th day of July, 1954, Joe Lang sustained a personal injury while in the course of his employment with defendant; that such injury was caused by lifting a carton of tissue paper. Plaintiff alleged that defendant was negligent (1) in failing to provide sufficient help in handling the carton of tissue paper, (2) in failing to provide a lifting and transporting device to carry such cartons, (3) in ordering Joe Lang to lift and carry said cartons when defendant knew said plaintiff lacked the necessary strength to do so. The jury in response to special issues based upon the above allegations found in favor of the plaintiff and assessed the damage to Joe Lang at $5,000 and allowed Lloyd Lang $100 for medical expenses incurred by him in the treatment of his son. The trial court entered judgment in keeping with the verdict of the jury. Defendant has appealed.

By its first point appellant complains of the action of the trial court in failing to grant its motion for an instructed verdict. This point is sustained. The evidence when viewed in its most favorable light to appellee shows that Joe Lang was on the 27th day of July, 1954, an employee of the appellant and had been for about one and a half years; that appellant was engaged in the grocery business at Eighth and Hickory Streets in the City of Abilene and that at the time appellee was employed by appellant he was told by the store manager that the work he would be required to do was hard. Joe Lang at the time of his injury was past seventeen years of age and weighed approximately 115 pounds. There is no evidence that he was not a normal boy and possessed of the average strength of a boy of his age. When appellee arrived at the store on the date of his injury he was told by the manager to hurry and fill the shelves of the store with soap and toilet tissue. The manager gave appellee no instruction or direction as to how he was to perform this task. Appellee admitted that the manner in which he was to do this work was left entirely to his discretion. The appellee procured a produce buggy and took it to the stock room. He put one carton of toilet tissue containing one hundred rolls on the platform of the buggy which was 18 inches from the floor. The carton of tissue was two by two feet and two feet high and weighed from 80 to 100 pounds. The appellee then attempted to place a similar carton of tissue on top of the first one and in so doing injured his back. It is undisputed that appellee would not have been injured if he had not attempted to place one carton of tissue on top of another. In other words, if appellee had placed one carton on the buggy and transported it to the front of the store his injury would not have occurred. There was a safe way by which appellee could have performed this task if he had chosen to use it. The appellant furnished a safe way whereby the appellee could have performed

the task assigned to him. This being true, appellant had no duty to furnish a second safe way. Gulf, Colorado & Santa Fe Railway Company v. Deen, Tex.Civ.App., 275 S.W.2d 529, RNRE. The work in which appellee was engaged at the time he was injured did not call for any special skill and did not involve any element of danger, unless danger arose from the method employed by him. There is evidence that the cartons of tissue were ordinarily handled by one person. The appellee had been handling this article of merchandise for three months by himself without mishap. It is conclusively established that this was not the usual and customary method used by the employee in transporting the tissue from the warehouse to the front of the store. There was no order or direction by the manager of the store as to how appellee was to get the tissue on the shelves. Appellee admitted that this was left entirely to his discretion and that he could do it any way he desired. Appellee further testified that there was no customary way used by the employees in performing this task. There is no evidence to support the finding of the jury that the manager of the store ordered appellee to lift and carry said cartons when the manager knew Joe Lang lacked the necessary strength to do so. It is undisputed that Joe Lang had been performing this very task without any mishap for three and a half months prior to the date of his injury. There is no evidence that Lang ever at any time advised the manager of the store that he lacked the necessary strength to transport the tissue from the back of the store to the shelves. There is no evidence that

appellant had knowledge that more than one person was necessary to perform the task of restocking the shelves with toilet tissue. It is undisputed that the size of the load of tissue was left entirely to the discretion of the appellee. The fact that he may have attempted to lift a load beyond his capacity and was injured thereby does not subject appellant to liability for failure to supply him with assistants. Louisville & N. R. Co. v. Green, 255 Ala. 642, 53 So.2d 358. The burden was on appellee to show that he was not furnished sufficient help to handle the cartons of tissue with safety to himself, employing such methods as were open to him. The appellant is not to be held negligent in this respect as there is a safe and reasonable way to perform the task with the force at hand. There is no showing that appellant could have foreseen that appellee would attempt to lift the carton of tissue to a greater height when a less hazardous method was available to him.

We have given this case our most careful attention and have concluded that appellant was entitled to an instructed verdict. We believe the following authorities are in point and support our holding. Gulf, Colorado & Santa Fe Railway Company v. Deen, supra; Western Union Telegraph Company v. Coker, 146 Tex. 190, 204 S.W.2d 977; Louisville & N. R. Co. v. Green, supra; Great Atlantic & Pacific Tea Company v. Evans, 142 Tex. 1, 175 S.W.2d 249.

The judgment of the trial court is reversed and judgment is rendered for appellant.