Grant WHITE, Appellant,

v.

Jess L. DUNCAN, Appellee.

No. 6885.

Court of Civil Appeals of Texas.

Amarillo.

April 13, 1959.

Rehearing Denied May 11, 1959.

Burt Barr, Dallas, Hardy Moore, Paris, for appellant.

Marcus, Hochstim & Hartson and Paul K. Hyde, Dallas, for appellee.

PITTS, Chief Justice.

This is a venue action which arose out of a damage suit filed by appellee, Jess L. Duncan of Dallas County, Texas, against appellant, Grant White doing business as Carlisle Hotel in Dallas County, Texas, under the provisions of Section 1 of Article 8306, Vernon's Ann.Civ.St., alleging damages and injuries received by appellee's wife, Gertie Duncan, to her back by reason of appellant's negligence while she as an employee of appellant and under the direction of appellant's managerial agent was helping to lift a heavy male paralytic guest of appellant's hotel from the floor into a chair. Appellee further alleged in effect that appellant operated the Carlisle Hotel in Dallas, Dallas County, Texas, where appellee's wife, Gertie Duncan, age 48 years and previously able bodied was employed by appellant as a housekeeper or maid and while on duty as such received a severe sprain in her back which resulted in severe pains in her back and legs as a result of her helping to lift a helpless man guest of the hotel, at the request of her employer's agent, from the floor, where he had fallen, to his chair and that her injuries were proximately caused by reason of the negligence of appellant, his agents, servants and employees as a result of their failure to provide appellee's wife with adequate working equipment and assistance for the purpose of lifting such a helpless guest from the floor to his bed or chair and further failed to provide a hydraulic lifter for such a purpose. Appellee also alleged that appellant was eligible to become a subscriber to the Texas Workmen's Compensation Law, but being a non-subscriber, the case is governed by the provisions of Sec. 1 of Article 8306.

Appellant filed his plea of privilege seeking to have the case transferred to Lamar County, Texas, where he resided, to which appellee timely replied with his controverting affidavit seeking to have venue sustained in Dallas County, Texas, under the provisions of Section 9a of Article 1995 by reason of appellant's acts or omissions of negligence which proximately caused his wife's injuries occurring in Dallas County. The venue issues alone were heard by the trial court without a jury as a result of which appellant's plea of privilege was overruled by order of the trial court, from which order appellant perfected an appeal and presents two points charging error was committed by the trial court because appellees failed to establish by a preponderance of the evidence that appellant or his agents, servants or employees were negligent or that such negligence, if any, was the proximate cause of the claimed injuries.

All of the evidence heard was the testimony of appellee's wife, Gertie Duncan, who testified in effect that on or about January 22, 1958, she and two other employees of appellant were working at the Carlisle Hotel in Dallas County when a guest of the hotel known as "Uncle Joe," who weighed about 200 pounds and was paralyzed on his left side and wore a brace, fell on the floor and the hotel manager, Mrs. Newell, who was her supervisor, asked the witness to help lift him from the floor onto a chair; that the witness took hold of the guest on his left side and she and Mrs. Newell lifted the guest up into a chair, at which time, because of her strain in lifting the guest, she felt something slip or pull loose in her back immediately after which her back and legs began to hurt and ache; that because of such injuries she thereafter went to a doctor who put her in a hospital for 36 days where she was operated on for a slipped disk, since which time she has not been able to work; that at such time she and another woman, Fay Enoch, were working at the hotel as maids and Mrs. Newell was manager over them and their

work; that the hotel management had no male servants or employees to help with the work and no mechanical facilities were provided by the management of the hotel for lifting a guest such as "Uncle Joe" from the floor to a bed or wheel chair; that no means were available for lifting such a guest other than physical strength. None of the foregoing testimony was controverted.

■ Under such facts and circumstances as are presented here it was the duty of an employer to provide his employees with a reasonably safe place to work and to furnish an adequate force of competent workmen and the necessary physical appliances for carrying on the work requested of the employees in a proper condition and with reasonable safety. 29 Tex.Jur. 152, Sec. 84 and the same text and volume, page 177, Sec. 98; Bonn v. Galveston, H. & S. A. R. Co., Tex.Civ.App., 82 S.W. 808; Payne v. Harris, Tex.Com.App., 241 S.W. 1008; Rice v. Garrett, Tex.Civ.App., 194 S.W. 667; Great West Mill & Elevator Co. v. Hess, Tex.Civ.App., 281 S.W. 234; Railway Express Agency v. Bollier, Tex.Civ. App., 253 S.W.2d 669; Loud v. Sears, Roebuck & Co., Tex.Civ.App., 262 S.W.2d 548; Western Union Telegraph Co. v. Coker, 146 Tex. 190, 204 S.W.2d 977.

■ It appears from the record that appellee's wife did not voluntarily help to lift the hotel guest from the floor into his chair but that she rendered such help at the request of her supervisor, Mrs. Newell, who was appellant's agent. It further appears that if appellant and his supervisor had provided adequate and competent help, together with the necessary physical appliances, for lifting such a large, helpless man under the circumstances, there would have been no injury as a result of the task. Under the record presented and the authorities cited, along with many others, it is our opinion that the trial court was justified in finding and concluding from a preponderance of the evidence that appellant or his agents, servants and employees were

guilty of acts or omissions which constituted negligence that proximately caused the injuries of appellee's wife, for which reasons the plea of privilege was properly overruled. Consequently, appellant's points are overruled and the judgment of the trial court is affirmed.