**HOLIDAY LODGE NURSING HOME, INC.,**
**Appellant,**

v.

**Verna HUFFMAN, et vir, R. D. Huffman,**
**Appellees.**

**No. 7890.**

Court of Civil Appeals of Texas.

Texarkana.

July 16, 1968.

Robert Fairchild, Billy Hunt, Fairchild & Hunt, Center, for appellant.

Welby K. Parish, Gilmer, Ernest Martin, Gladewater, Clifton L. Holmes, Gilmer, for appellees.

FANNING, Justice.

A venue case. Appellees Verna Huffman and husband, R. D. Huffman, in the District Court of Gregg County, Texas, sued appellant Holiday Lodge Nursing Home, Inc., a corporation, alleging damages and injuries received by Mrs. Verna Huffman to her back by reason of appellant's negligence while Mrs. Huffman was an employee of appellant nursing home and while Mrs. Huffman was lifting a patient of appellant's nursing home at and under the direction of one of appellant's supervisors.

Appellant filed its plea of privilege to be sued in Shelby County, Texas, the county of its residence. Appellees duly controverted the plea seeking to maintain venue in Gregg County under Subsection 9a of art. 1995, Vernon's Ann.Tex.Civ.St.

After hearing the evidence adduced, the trial court overruled the plea of privilege. Appellant has appealed.

The trial court overruled appellant's plea of privilege without making findings of

fact or conclusions of law which is proper. Rule 385(e) Tex.R.Civ.P.

Where a case is tried without a jury, and no findings of fact or conclusions of law are filed by the trial judge, the judgment should be affirmed if there is sufficient evidence to support it upon any lawful theory, and every issue sufficiently raised by the testimony must be resolved in support of the judgment. 3–B, Tex.Jur., Sec. 873, p. 278; John F. Buckner & Sons v. Allen, Tex.Civ.App., 272 S.W.2d 929, wr. dism.

Appellant presents four points wherein it contends to the effect that there was "no evidence" to support the trial court's implied findings of negligence and proximate cause in support of the order overruling appellant's plea of privilege and that such implied findings of negligence and proximate cause were "so against the overwhelming preponderance of the evidence as to be manifestly unjust and wrong."

The only evidence adduced at the hearing was that offered by appellees. The evidence showed that appellant was a corporation, employing 44 employees at its nursing home in Longview, Gregg County, Texas, on May 30, 1965, that appellee Verna Huffman was an employee of appellant on May 30, 1965, and that she was injured on that date while engaged in the course of her employment in Gregg County, Texas. While appellant was eligible to become a subscriber under the Texas Workmen's Compensation Law, it was a nonsubscriber, and Sec. 1 of art. 8306, V.A.T.C.S., found below,[1] is applicable to this case.

1. "ARTICLE 8306. Damages and compensation for personal injuries
Defenses
Section 1. In an action to recover damages for personal injuries sustained by an employé in the course of his employment, or for death resulting from personal injury so sustained, it shall not be a defense:
1. That the employé was guilty of contributory negligence.
2. That the injury was caused by the negligence of a fellow employé.
3. That the employé had assumed the risk of the injury incident to his employ-

ment; but such employer may defend in such action on the ground that the injury was caused by the willful intention of the employé to bring about the injury, or was so caused while the employé was in a state of intoxication.
4. In all such actions against an employer who is not a subscriber, as defined hereafter in this law, it shall be necessary to a recovery for the plaintiff to prove negligence of such employer or some agent or servant of such employer acting within the general scope of his employment. Acts 1917, p. 269."

Verna Huffman testified to the effect as follows: that at the time of her injury she had six years' experience as a nurse's aide; it was her experience that the custom and common practice in hospitals and nursing homes was for them to furnish sufficient personnel in order that nurse's aides would not be required to lift patients by themselves and the common practice was for such establishments to provide orderlies or more than one nurse's aide to do such lifting; that she injured her back while lifting a patient off a bedpan; that she performed this act at the explicit direction of her supervisor, Mrs. Breaux; that in none of her employment as a nurse's aide had she before been requested to lift a patient by herself but that during her short tenure at appellant's nursing home she had seen other nurses doing so; that on the night when she was injured, the wing in which she worked was understaffed; that the nursing home employed male orderlies to do heavy work, including lifting patients, but on the night she was injured none were on duty; that it was possible to request assistance from those employees who worked in the other wing of the nursing home, but that as a matter of practice such assistance was not requested due to the extreme difficulty in getting help where it was needed; that she was instructed to lift the patient by her supervisor and that she did not expect to get hurt when she did lift the patient. With

reference to how she was injured, Mrs. Huffman testified in part as found below.[2] Mrs. Huffman further testified that at the time of her injury she was 44 years old and then in good health; that after her injury she was not in good health and stated that she had never injured her back before, and testified as to her injuries and as to medical and hospital bills, with her said hospital and medical bills being in excess of $1,-000.00. We think it is also clear from the undisputed evidence of appellee Verna Huffman that appellant failed to provide orderlies or other proper assistance to Verna Huffman in the performance of her duties as alleged by her.

Appellees introduced answers of appellant to interrogatories wherein appellant admitted it was a corporation, employing 44 employees on May 30, 1965, that on said date Mrs. Verna Huffman was an employee, that on said date Darlene Breaux, L. V. N., charge nurse, was a supervisor acting in a supervisory capacity for appellant and that on said date appellant was not covered by Workmen's Compensation Insurance.

■ It is the duty of an employer to furnish an adequate force of competent workmen for carrying on the work requested of the employees with reasonable safety. Also the master must use ordinary care to

2. "Q. You and Mrs. Breaux, you say, were —what were you doing for this patient? What were you called to do for this patient?

A. She had to use the bedpan. She had arthritis very badly so she taken her little fingers and dinged the bell, so we went into attend to her.

Q. To use the bedpan.

A. Yes.

Q. And Mrs. Breaux and you were to perform this function for this patient. Now, were you instructed to lift this patient?

A. I was instructed to do what I did do which was to pick the patient up and—

Q. And who instructed you to do that?

A. Mrs. Breaux instructed me to pick the patient up and she would slide the bedpan under her.

Q. And Mrs. Breaux was your supervisor at that time.

A. Yes.

Q. Did you pick this patient up just the one time?

A. Two times, I had to pick her up one time for her to use it. Afterwards I had to pick her up again which that's when I hurt my back.

Q. The second time is when you hurt your back.

A. The second.

Q. And Mrs. Breaux was present all this time.

A. Yes, she was.

Q. And it was under her instructions that you were picking this patient up.

A. Yes."

see that there are sufficient servants present at a particular piece of work to insure the safety of all engaged in the labor. The master's duty is continuous and nondelegable where the supplying and placing of a sufficient number of workmen is essential to the safety of the employees. Furthermore, the master is not exonerated if his foreman, in misjudgment, stands by and allows an inadequate crew to undertake the particular task. 38 Tex.Jur.2d, p. 277. Also in this connection see Western Union Tel. Co. v. Coker, 146 Tex. 190, 204 S.W. 2d 977.

We think under the facts and circumstances shown in this case it was the duty of appellant to furnish its employee, appellee Mrs. Verna Huffman, adequate assistance in carrying on the work requested and specifically directed of her in a proper condition and with reasonable safety. The closest case near in point with the facts in the case at bar is White v. Duncan, Tex. Civ.App., 323 S.W.2d 621, no writ. This was a venue case, where the employer was a nonsubscriber to the Texas Workmen's Compensation Law, governed by Sec. 1 of Art. 8306, and venue was maintained under Subsection 9a of the venue statute, with the court holding that in failing to provide adequate and competent help, a hotel operator was guilty of negligence proximately causing injuries to a female employee who strained her back while assisting her supervisor, at the request of the supervisor, in lifting onto a chair a paralyzed guest of the hotel who had fallen to the floor. The record in this case shows that the work was not voluntarily done by the injured employee, but was done at the specific request of her supervisor, the agent of the hotel keeper.

Although not a venue case, the case of Loud v. Sears, Roebuck & Co., Tex.Civ. App., 262 S.W.2d 548, no writ, is in some respects analogous to the case at bar. This was an action against an employer, not a subscriber (although eligible) under the Workmen's Compensation Act, for a back injury to an employee as a result of lifting a motor, wherein it appeared that the employer's building superintendent had instructed the employee to return to a loading dock to assist in lifting a motor. A summary judgment against the employee was granted by the trial court, but the cause was reversed and remanded by the Dallas Court of Civil Appeals. The opinion in this case, written by Chief Justice Dixon, contains an excellent discussion of the problem involved there and distinguishes several cases therein cited which are also cited and relied on by appellant in this case. We quote from *Loud,* supra, in part, as follows:

"From the above quotations it will be observed that appellant testified that Arthur gave him specific instructions to be present at a definite time to do a specific thing: help move the motor. Appellant did not know how heavy the motor was, he had never before lifted or even seen one like it; there was no one else near except the other man whose status as a fellow employee, or a stranger, is not determined; Arthur, the building superintendent, did not show up at the appointed time, nor did he send anybody to help appellant, unless possibly it was the other man in the picture.

"We think the failure of Arthur to be present at the appointed place and hour, or at least his failure to send some one or more persons to assist appellant, raises a fact question as to negligence. It may be that at a trial on the merits such failure can satisfactorily be explained. But we believe the record in its present state would support a finding in behalf of appellant at a trial on the merits of negligence on the part of appellees which proximately caused whatever injuries appellant may have sustained on the occasion in question.

"Appellees cite us the case of Western Union Telegraph Co. v. Coker, 1947, 146 Tex. 190, 204 S.W.2d 977, in which it is held that an employer is not liable if the employee is injured in performing work which he undertook voluntarily without any instructions from his supe-

riors; or if the employee does the work alone without seeking assistance; and further, that an employee cannot recover for a temporary inadequacy of help unless such inadequacy was known at least constructively to the employer. *We do not believe the holdings in the cited case are applicable to the facts as shown in this record.* In the cited case the facts were that Coker ordinarily had an assistant, but his assistant was not present at the moment, and Coker did not try to summon him. Moreover in Coker's case, his foreman and other employees were in the next room and easily available. *No such fact situation is disclosed in the record we are now considering. Here appellant did not volunteer to move the motor; he was acting under the specific instructions of Arthur, one of his superiors; * * *. It seems to us that Western Union v. Coker, supra, and other cases in which it has been held that an employee voluntarily did work resulting in injury, have no application in this case.*

"Appellees also cite us the case of Jackson v. Marshall, [Tex.Civ.App.,] 243 S.W.2d 205, by this Court. We do not thing it is in point either. Marshall injured his back while lifting a tub of refuse. The facts showed that about six months before, Marshall had injured his back in the same way—by lifting just such a tub of refuse. Certainly in the light of his previous experience, before lifting the second tub of refuse he should have called for assistance. * * *

"To support their contention that appellees could not reasonably have foreseen that appellant would be injured, appellees cite us, among others, the case of Great A. & P. Tea Co. v. Evans, 1943, 142 Tex. 1, 175 S.W.2d 249. In the cited case Evans was injured while lifting a sack of potatoes weighing about 100 pounds. The evidence showed that Evans was a strong young man, who had lifted such sacks of potatoes many times before. *The evidence even showed that it was the usual and customary thing for grocery store clerks and employees to do this character of work.* Under these circumstances we certainly agree that the employer could not foresee that Evans would be injured. But the facts now before us are quite different.

\* \* \* \* \* \*

"We believe the record shows that appellant has raised fact issues which he is entitled to submit to a fact trier, jury or judge, in a trial on the merits. That being true, the judgment of the trial court should be reversed and the cause remanded for trial on its merits." (Emphasis added.)

We hold that there was evidence of probative force to support the trial court's implied findings of negligence and proximate cause in support of the trial court's order overruling appellant's plea of privilege.

Also after carefully reviewing the entire record in this cause in the light of the rules of law enunciated in the case of In re: King's Estate, 150 Tex. 662, 244 S.W.2d 660, we hold that the trial court's implied findings of negligence and proximate cause in support of the order overruling appellant's plea of privilege were not so contrary to the great weight and preponderance of the evidence as to be clearly wrong and manifestly unjust.

We further hold that the trial court's implied findings of negligence and proximate cause in support of the judgment overruling appellant's plea of privilege are supported by a preponderance of the evidence and that under the record in this case venue was properly maintainable in Gregg County, Texas, under Subsection 9a of Art. 1995, V.A.T.C.S.

All of appellant's points and contentions have been considered and are overruled.

The judgment of the trial court is affirmed.

DAVIS, J., was sick and did not participate in this opinion.