James P. WRIGHT, Appellant,

v.

CLIMATIC AIR SALES, INC., Appellee.

No. 16516.

Court of Civil Appeals of Texas,
Houston (1st Dist.).

Sept. 11, 1975.

W. G. Smith, Houston, for appellant.

Talbert, Giessel & Stone, James H. Barker, Houston, for appellee; Alice Giessel, Houston, of counsel.

COLEMAN, Chief Justice.

This is an appeal from an order sustaining the defendant's plea of privilege. No findings of fact or conclusions of law were requested or filed. We affirm.

The plaintiff is an employee of an automobile dealer. While certain of his fellow employees were engaged in installing an air conditioning unit purchased from the defendant in an automobile, the plaintiff approached them to inquire as to the length of time before the automobile would be ready for delivery. Before the air conditioner could be installed in the car, it was necessary that the standard radiator hose be lengthened. The defendant furnished to the purchaser of the air conditioner an installation kit which included a piece of straight metal tubing, a length of hose, and two clamps. By use of these materials a piece of radiator hose was attached to the hose with which the automobile was equipped. While the plaintiff was standing near the upraised hood of the automobile the metal tubing slipped out of the hose and plaintiff was sprayed with boiling water resulting in severe bodily injuries.

Plaintiff filed suit in Harris County based on strict tort liability alleging that the automobile air conditioning unit manufactured by the defendant, Climatic Air Sales, Inc., was defective and/or unreasonably dangerous in design and that Climatic failed to warn or notify plaintiff of such defect or dangerous design. Climatic filed a plea of privilege requesting that the cause be removed to Dallas County, the county of its residence. In his controverting affidavit plaintiff asserted that venue was proper in Harris County under Subdivisions 23 and 9a of Vernon's Annotated Texas Statutes Article 1995.

To sustain venue under Subdivision 23, *supra*, it was the burden of the plaintiff to plead and prove facts showing that a cause of action arose in his favor against Climatic, and that either a part of the cause of action arose in Harris County, or that Climatic had an agent or representative in Harris County. *Employers Casualty Co. v. Clark*, 491 S.W.2d 661 (Tex.1973).

To establish a cause of action in strict tort liability plaintiff was required to produce evidence that the defendant sold the product in a defective condition unreasonably dangerous to the user or consumer, that the product reached the plaintiff without substantial change, and that the condition of the product was the producing cause of the injury to the plaintiff. *McKisson v. Sales Affiliates, Inc.*, 416 S.W.2d 787 (Tex. 1967); *John Deere Co. v. Ramirez*, 503 S.W.2d 382 (Tex.Civ.App.—Amarillo, 1973, writ dism'd).

For the purpose of this opinion we will assume that the metal tubing furnished with the installation kit constitutes a part of the air conditioning unit. There is no expert testimony that the method suggested for installing the air conditioning unit was unreasonably dangerous or that it would result in a defective product. There was no testimony that the materials furnished were defective. The plaintiff testified that the hose parted at the point where his fellow employees had joined the two pieces of radiator hose with the metal tubing held in place by the two clamps. He gave his opinion that the tubing had not seated because it hadn't gotten hot enough for the hose to get sticky so that the clamp could hold it. The only evidence of a defective design is that the hose slipped off of the piece of metal tubing. There is no testimony as to whether the clamps were properly tightened or as to the temperature necessary to cause the rubber hoses to become sticky. There is no evidence of standards in the industry or that better designs are known to the trade.

While we might speculate as to methods by which a connection of the two pieces of hose could have been made with safety, there is no testimony in the record to support such speculation. There is evidence from which we might reason that the water circulating through the hose was under pressure; however, this circumstance and its effect were not developed in the testimony. The evidence does not establish that this hose connection, and all hose connections of the same design, were unreasonably dangerous for use in connection with the installation of an air conditioning unit in the automobile. *Henderson v. Ford Motor Company*, 519 S.W.2d 87 (Tex.1974). The plaintiff did not establish a cause of action. The trial court did not err in failing to sustain venue in Harris County, Texas, under the provisions of Exception 23 of Article 1995, V.A.T.S.

The plaintiff also contends that the trial court erred in failing to sustain venue in Harris County under the provisions of Subdivision 9a of Article 1995, V.A.T.S. Under this section the plaintiff had the burden of showing that an act or omission of negligence on the part of the defendant occurred in the county where the suit was filed. A suit based on the theory that negligent acts in one county caused damage in another county may not be tried in the county where damage resulted if that county is not the county of residence of the defendant. *Leonard v. Abbott*, 366 S.W.2d 925 (Tex.1963).

In his original petition the plaintiff did not plead specific acts of negligence which were proximate causes of his injuries, nor did he plead negligence generally. There is no evidence of any negligent act on the part of the defendant which occurred in Harris County, Texas.

The judgment is affirmed.