George W. HARRISON, Appellant,

v.

Jimmy OLIVER et al., Individually and
d/b/a Oliver Brothers, Appellees.

No. 16783.

Court of Civil Appeals of Texas,
Houston (1st Dist.)

Dec. 9, 1976.

Rehearing Denied Jan. 6, 1977.

W. W. Kilgarlin, Houston, for appellant;
Kilgarlin, Dixon & Hancock, Houston, of
counsel.

Bennett & Keeling, Kenneth H. Keeling,
Huntsville, for appellees.

PEDEN, Justice.

Plaintiff George Harrison appeals from
an order sustaining the defendants' plea of
privilege after a non-jury hearing. Appel-
lant relies on Subdivision 9a of Article 1995,
V.C.S., to hold venue in Harris County.
Neither findings of fact nor conclusions of
law were filed. The plaintiff alleged in his
petition that the defendants were his em-
ployers and were not subscribers under the
provisions of the Texas Workmen's Com-
pensation Act, so he brought this suit under
Sections 1 and 4 of Article 8306, Vernon's
Texas Civil Statutes. He was the only wit-
ness who testified in the venue hearing.

The appellees' residence and sawmill are
in Walker County. Harrison worked for
them as a truck driver and also lived in
Walker County. The day of the injury
Harrison drove a truck of crossties to a
plant in Harris County. The truck, chains,
and boomers were furnished to the plaintiff
by the defendants in Walker County. The
crossties are held in place by chains and
boomers. A boomer is a device used to
tighten the chains. Its basic parts are two
hooks and a handle. The hooks are put into
the chain and the boomer handle is pulled
down to tighten the chain and secure the
load. The appellant climbed on the truck
and was attempting to tighten the support-
ing boards with the boomer when it slipped
and he fell off the truck, injuring his hip.
His petition alleged and he testified that he
was injured as a result of the negligence of
the defendants because the boomer they
furnished was, as he told them, worn out
and its teeth did not properly engage the
chain causing the boomer to slip but they
did not correct the faulty equipment or give
him new equipment to work with. Further,
"that such conduct of his employers was
negligence and that such conduct in failing
to provide him with suitable equipment for

his job as described above was a proximate cause of the injuries that plaintiff sustained."

This suit was filed in Harris County. The defendants filed a plea of privilege to be sued in the county of their residence. The plaintiff's controverting plea contends venue was proper in Harris County under Subsection 9a of Article 1995, V.T.C.S. It specifies these facts a plaintiff must prove to sustain venue under this exception in a county other than that of defendant's residence:

"1. That an act or omission of negligence occurred in the county where suit was filed.

"2. That such act or omission was that of the defendant, in person, or that of his servant, agent or representative acting within the scope of employment.

"3. That such negligence was a proximate cause of plaintiff's injuries."

The appellant's only point of error is that the trial court erred in sustaining the defendants' plea of privilege because their negligence was continuous from one county to the next. He argues that whether or not the truck with defective boomer was given to him in Walker County, the act of negligence followed him into whatever county he may have gone in order to perform his work. He cites *Holiday Lodge Nursing Home, Inc. v. Huffman*, 430 S.W.2d 826 (Tex.Civ.App.1968, no writ), for its holding that a master has a continuous and non-delegable duty to supply an adequate force of competent workmen for carrying on the work requested of the employees with reasonable safety. He says "Appellant submits that there is no distinction between an employer furnishing a sufficient number of employees to aid an employee to accomplish a given task and an employer furnishing adequate and safe equipment to aid an employee in performing a given task."

We consider that the appellant has raised on this appeal both the issues of *acts* and *omissions* of negligence.

In *Leonard v. Abbott*, 366 S.W.2d 925 (Tex.1963), it was held that if a proper plea of privilege is presented a suit for damages based on the theory that negligent acts in one county caused damage in another county may not be tried in the county in which the damage resulted where that county is not the residence of the defendant. The Supreme Court described the language of Subdivision 9a(1) of Article 1995, as "plain and unambiguous" and stated:

"An act can only occur where the act actually takes place. 'Occur' does not include the results of the occurrence, but only the taking place, happening, or coming to pass. [citations omitted]. The Legislature knew how to use appropriate language to confer venue where the cause of action or a part thereof arose, had it desired to do so. See subdivisions 23 and 27 of Article 1995."

See also *Foreman v. Rowe*, 511 S.W.2d 544 (Tex.Civ.App.1974, no writ), and *Wright v. Climatic Air Sales, Inc.*, 527 S.W.2d 518 (Tex.Civ.App.1975, no writ).

Looking to the question of negligent omissions, we note that the Texas Supreme Court stated in *Western Union Telegraph Co. v. Coker*, 146 Tex. 190, 204 S.W.2d 977 (1947):

"The law imposes upon the employer the duty to exercise reasonable care in providing for an employee adequate help in the performance of work required of him. The duty is nondelegable and continuous, the rule being in principle the same as that requiring the employer to furnish his employee with safe instrumentalities and a safe place to work."

Cited with approval is the paragraph now found at 53 Am.Jur.2d 264, Master and, Servant § 210, declaring that the rule requiring an employer to furnish a sufficient force to enable his employees to do their work with reasonable safety to themselves is merely an extension of the fundamental doctrines requiring the employer to provide his employees with safe instrumentalities and a safe place to work.

We hold that the plaintiff showed by a preponderance of the evidence the necessary venue facts to establish venue in Harris County by showing he was injured as a

result of the defendants' violation of their continuing duty through their negligent omission in Harris County to furnish him safe instrumentalities to work with.

His testimony was that of an interested party, but the defendants had the opportunity to contradict it and did not do so.

The order of the trial court is reversed and venue is ordered retained in Harris County.