David **ARLEN and Marilyn Arlen, Appellants,**

v.

**THE HEARST CORPORATION d/b/a The Houston Chronicle, Appellee.**

No. 01–98–00985–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Sept. 16, 1999.

Rehearing Overruled Nov. 4, 1999.

Michael Kerensky, Houston, for Appellant.

Brock C. Akers, Evelyn T. Ailts, Byron K. Barclay, Houston, for Appellee.

Panel consists of Justices COHEN, O'CONNOR, and WILSON.

**OPINION**

MURRY B. COHEN, Justice.

On September 24, 1994, Mr. Valch–Koufski was driving his car, delivering Houston Chronicle newspapers, when he fell asleep, crossed the road, and struck Mr. Arlen's car. Arlen was injured. He and his wife sued, among others, the Houston Chronicle. The trial judge granted appellee an interlocutory summary judgment, which was later severed. This appeal followed.

## Facts

At the time of the accident, Valch–Koufski worked for Elmer Yarbrough, an independent contractor hired by the Chronicle to deliver its newspapers. The accident occurred around 6:00 a.m., after Valch–Koufski had been up all night. Valch–Koufski had worked for Yarbrough for only one week before the accident. During that week, he was also working at a convenience store from 3:00 p.m. to 11:00 p.m, and there was no time for him to rest between jobs because he picked up the newspapers around midnight. Valch–Koufski had been up all night on each of the six nights preceding the accident.

## Analysis

■ In the first point of error, appellants allege the trial judge erred in granting summary judgment for the Chronicle because they raised a fact issue regarding a duty of reasonable care, under *Redinger v. Living, Inc.*, 689 S.W.2d 415 (Tex.1985). We follow the usual standard of review. Tex.R. Civ. P. 166(a)(c); *Randall's Food Markets, Inc. v. Johnson*, 891 S.W.2d 640, 644 (Tex.1995).

The question presented is whether, under these facts, an employer who hires an independent contractor to deliver newspapers has a duty to a third party injured by the independent contractor's driver. We hold it does not.

■ The Chronicle asserted it owed no duty to Arlen because Valch–Koufski was not its employee. Instead, he was employed by an independent contractor, Yarborough. "The general rule is that [an employer] does not have a duty to see that an independent contractor performs work in a safe manner." *Redinger*, 689 S.W.2d at 418. That is the independent contractor's duty. *Id.* However:

> One who entrusts work to an independent contractor, but who retains control of any part of the work, is subject to liability for physical harm to others for whose safety the employer owes a duty

to exercise reasonable care, which is caused by his failure to exercise his control with reasonable care.

*Id.* (citing Restatement (Second) of Torts § 414 (1965)). Therefore, one who hires an independent contractor may be liable for the contractor's negligence if he exercises some control over the contractor's work. *Id.*

Appellants contend the Chronicle exercised control over numerous aspects of the newspaper delivery: it controlled how many papers were sold to vendors like Yarbrough, where Yarbrough's newsstands would be placed, and how many papers contractors, including Yarbrough, had to purchase; it required vendors, including Yarbrough, to participate in a "summer youth program;" and it could make the independent contractors, including Yarbrough, forgive some subscribers' unpaid balances. Moreover, the Chronicle required its contractors to pick up the papers around midnight and deliver them by 6:30 a.m. Appellants contend this schedule forced Valch–Koufski to drive all night and ultimately led to his falling asleep at the wheel.

■ While the foregoing elements of the Chronicle's control over Yarbrough all relate to newspaper delivery, none relates directly to the accident. For the Chronicle to have owed Arlen a duty, its control over Yarbrough must have been more than a general right to start and stop work, to inspect progress, or to receive reports. *Redinger*, 689 S.W.2d at 418. For the Chronicle to have been liable for the negligence of Yarbrough's employee, the Chronicle's control must have related to the condition or activity that caused the injury. *Clayton W. Williams, Jr., Inc. v. Olivo*, 952 S.W.2d 523, 528 (Tex.1997).

Here, the Chronicle did not control how Valch–Koufski was to deliver the newspapers. The independent contractor, Yarbrough, controlled that. The Chronicle could only order that the work be started and stopped at a particular time, inspect

the progress of the deliveries, and receive reports about the deliveries. We conclude that the Chronicle did not have the type of specific control required to impose a duty under *Redinger*. *See id.*, 689 S.W.2d at 418.

We overrule the first point of error.

In the second point of error, appellants allege the trial judge erred by not applying the "peculiar risk" doctrine to impose a duty of reasonable care on the Chronicle.

The Restatement (Second) of Torts section 413 provides that a general contractor (employer) will be liable for an independent contractor's negligence when steps are not taken to prevent injury from a known, peculiar risk. *See Scott Fetzer Co. v. Read,* 945 S.W.2d 854, 862 (Tex.App.—Austin 1997), *aff'd,* 990 S.W.2d 732, 42 Tex. Sup.Ct. J. 264 (1998). However, no Texas court has ever directly applied section 413, and the Austin court in *Read* refused to do so. *See id.* at 861–62. Instead, it held the general contractor liable "under traditional Texas notions of duty," balancing foreseeability and risk against the social utility of the conduct and the burden of guarding against the injury. *Id.* at 862. In affirming the Austin court's decision, the Texas Supreme Court never discussed the peculiar risk doctrine or Restatement section 413. The Supreme Court found the general contractor liable based solely on a *Redinger* control analysis. We also decline to adopt section 413.

We overrule the second point of error.

We affirm the judgment.