NUMBER 13-97-307-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

 ___________________________________________________________________ 



H. RAY JOHNSON, JR., DENISE JOHNSON, AND 

RICHARD AND OFELIA HULL , Appellants, 



v.

 
CORPUS CHRISTI CALLER-TIMES PUBLISHING COMPANY, D/B/A 

CORPUS CHRISTI CALLER-TIMES , Appellee. 

___________________________________________________________________ 



On appeal from the 214th District Court

of Nueces County, Texas.

 ___________________________________________________________________ 



O P I N I O N

 Before Chief Justice Seerden and Justices Dorsey and Yañez 

Opinion by Justice Dorsey

 

 The issue in this case is whether a newspaper can be held liable for the off-duty criminal conduct of its paper delivery
persons. We hold that, in this case, it cannot. 

 This is an appeal from a summary judgment. The Johnsons and the Hulls, plaintiffs, are two couples who subscribed to the
Corpus Christi Caller-Times newspaper. They both attempted to participate in a "vacation" program offered by the
Caller-Times. Under that program, Caller-Times subscribers could contact the paper and notify the paper they would be
vacationing on certain dates. The paper would then make arrangements to stop delivery of the paper at the vacationing
subscriber's house for the duration of the vacation. 

 In June of 1990, both couples went on vacation. Both intended to take advantage of the vacation program and stop
delivery of the paper at their homes while they were gone. The Hulls contacted the paper as required by the program, and
the Johnsons--having forgotten about it until after they left on vacation--had their mother contact Mack Taylor, their paper
delivery person, directly. (Taylor was the delivery person for both couples.) While both couples were vacationing, Mack
Taylor burglarized their homes. 

 They sued the Caller-Times for violations of the DTPA, negligence and breach of warranty. The Caller-Times moved for
summary judgment, which the trial court granted, and plaintiffs here appeal that judgment. 

 We hold that the Caller-Times conclusively established that its actions were not the cause in fact of the plaintiffs' injuries,
and accordingly, proved its entitlement to judgment as a matter of law on all causes of action. 

Standard of Review

 We follow the well-established standards for reviewing a summary judgment. The movant for summary judgment has the
burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Tex.
R. Civ. P. 166a(c);Rhone-Poulenc, Inc. v. Steel, 997 S.W.2d 217, 222-23 (Tex. 1999);Walker v. Harris, 924 S.W.2d 375,
377 (Tex. 1996); Nixon v. Mr. Property Management Company, Inc., 690 S.W.2d 546, 548-49 (Tex. 1985). In deciding
whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the nonmovant will be
taken as true, every reasonable inference must be indulged in favor of the nonmovant, and any doubts must be resolved in
its favor. Id. 

 A defendant moving for summary judgment must either (1) disprove at least one element of the plaintiff's theory of
recovery, or (2) plead and conclusively establish each essential element of an affirmative defense. Science Spectrum, Inc. v.
Martinez, 941 S.W.2d 910, 911 (Tex. 1997); City of Houston v. Clear Creek Basin Auth., 589 S.W.2d 671, 679 (Tex.
1979). A matter is conclusively established if ordinary minds could not differ as to the conclusion to be drawn from the
evidence. Triton Oil & Gas Corp. v. Marine Contractors & Supply, Inc., 644 S.W.2d 443, 446 (Tex. 1982). Once the
defendant establishes its right to summary judgment as a matter of law, the burden shifts to the plaintiff to present evidence
raising a genuine issue of material fact, thereby precluding summary judgment. Clear Creek Basin Auth., 589 S.W.2d at
678. 

 When multiple grounds are asserted for summary judgment and the order is silent as to the ground upon which summary
judgment was granted, the appealing party must negate all grounds on appeal. State Farm Fire & Cas. Co. v. S.S., 858
S.W.2d 374, 380 (Tex. 1993). Issues that are not expressly presented to the trial court in writing cannot be urged on appeal. 
Goswami v. Metropolitan Savings and Loan Association, 751 S.W.2d 487, 491 (Tex. 1988); Nixon, 690 S.W.2d at 548-49;
Clear Creek Basin Auth., 589 S.W.2d at 675-77. The nonmovant must show on appeal that each independent ground
alleged is insufficient to support the summary judgment granted. However, if the movant does not show its entitlement to
judgment as a matter of law, the appellate court must remand the case to the trial court for further proceedings. Gibbs v.
General Motors Corp., 450 S.W.2d at 828. 

Deceptive Trade Practices

 The elements of a DTPA cause of action are: (1) the plaintiff is a consumer; (2) the defendant engaged in false,
misleading, or deceptive acts; (or breach of an express or implied warranty); and (3) these acts constituted a producing
cause of the consumer's damages. Tex. Bus. & Com. Code § 17.50(a)(1); Doe v. Boys Clubs of Greater Dallas, Inc., 907
S.W.2d 472, 478 (Tex. 1995); Bradford v. Vento, 997 S.W.2d 713, 736 (Tex. App.--Corpus Christi 1999, no pet.). The
Caller-Times argued that plaintiffs could not establish two elements: (1) that any act committed by the Caller-Times was a
producing cause of plaintiffs' injuries, and (2) that the Caller-Times engaged in false, misleading, or deceptive acts. We
hold that the Caller-Times has conclusively established that its acts were not a producing cause of plaintiffs' injuries. 

 A producing cause is a substantial factor which brings about the injury and without which the injury would not have
occurred. Boys Clubs, 907 S.W.2d at 481. It has been defined as "an efficient, exciting, contributing cause which, in a
natural sequence, produced the injuries complained of." Haynes & Boone v. Bowser Bouldin, Ltd., 896 S.W.2d 179, 182
(Tex. 1995); Dico Tire, Inc. v. Cisneros, 953 S.W.2d 776, 783 (Tex. App.--Corpus Christi 1997, writ denied). 

 In order to be a legal cause of another's harm, it is not enough that the harm would not have occurred had the actor not
been negligent. . . . The negligence must also be a substantial factor in bringing about the plaintiff's harm. The word
"substantial" is used to denote the fact that the defendant's conduct has such an effect in producing the harm as to lead
reasonable men to regard it as a cause, using that word in the popular sense, in which there always lurks the idea of
responsibility, rather than in the so-called "philosophic sense," which includes every one of the great number of events
without which any happening would not have occurred. 

Union Pump Co. v. Allbritton, 898 S.W.2d 773, 776 (Tex. 1995) (quoting Restatement (Second) of Torts § 431 cmt. a
(1965)). 

 Put another way, the mere fact of existence of both a guilty act and an injury does not necessarily mean that the two must
be causally connected. Boys Clubs, 907 S.W.2d at 481. "The plaintiff must show an 'unbroken causal connection' between
the misrepresentation and the injury." Cianfichi v. White House Motor Hotel, 921 S.W.2d 441, 443 (Tex. App.--Houston
[1st Dist.] 1996, writ denied). Moreover, while reliance on the alleged misrepresentation is not an element of a DTPA
cause of action, it may be a factor in deciding whether the defendant's conduct was a producing cause of damages to the
plaintiff. 

 In this case, the plaintiffs allege that the Caller-Times misrepresented the way it would operate its vacation program. That
is, Caller-Times told plaintiffs it would stop delivery of newspapers to their homes while they were on vacation and the
Caller-Times failed to notify the carrier as it had agreed. The plaintiffs' damages, however, are the losses that resulted from
being burglarized while they were gone. If the Caller-Times had done what it represented it would do--i.e., told plaintiffs'
newspaper delivery person to stop delivery--the result would have been the same. Mack Taylor, the person who
burglarized the plaintiffs' houses, would have known that the plaintiffs were out of town whether the Caller-Times advised
him of that fact or whether he discovered it himself by noticing the accumulation of newspapers in the plaintiffs' yards. 
Neither the performance nor breach of the duty tended to affect the likelihood that plaintiffs' houses would be burglarized
by the paperboy. We hold as a matter of law under the unusual facts of this case that defendant has conclusively
established that its conduct was not a producing cause of the plaintiffs' injuries. We affirm the summary judgment as it
relates to plaintiffs' DTPA causes of action. 

Negligence

 Because Caller-Times has conclusively negated that its acts were the cause in fact of plaintiffs' damages, it negated the
proximate cause element of plaintiffs' negligence claims. The elements of a negligence cause of action require a plaintiff to
show that (1) the defendant breached (2) a legal duty owed by the defendant to the plaintiff, and (3) that the breach
proximately caused actual injury to the plaintiff. Van Horn v. Chambers, 970 S.W.2d 542, 544 (Tex. 1998); Praesel v.
Johnson, 967 S.W.2d 391, 394 (Tex. 1998). In its motion, the Caller-Times argued that it had no duty to plaintiffs under
these facts because Mack Taylor, the paper boy burglar, was not its employee, but was an independent contractor. We do
not agree that it conclusively established a lack of duty. See e.g. Read v. Scott Fetzer Co., 990 S.W.2d 737, 735 (Tex.
1998) (holding that where a company retains control over a portion of an independent contractor's work, a duty is imposed
to "exercise this retained control reasonably"); but see Arlen v. Hearst Corp., 4 S.W.3d 326, 327-28 (Tex. App.--Houston
[1st Dist.] 1999, pet. denied) (holding that requiring the delivery persons to pick up the papers around midnight and deliver
them by 6:30 a.m. was not sufficient amount of retained control to make newspaper liable for delivery person who fell
asleep at the wheel while delivering the papers). We hold that the newspaper did not establish its entitlement to summary
judgment because of the independent contractor relationship with the burglar. 

 We have held that the Caller-Times conclusively negated producing cause, a necessary component of the proximate cause
element of a negligence claim. Union Pump Co., 898 S.W.2d at 775. 

 Proximate and producing cause differ in that foreseeability is an element of proximate cause, but not of producing cause.
Proximate cause consists of both cause in fact and foreseeability. . . . Common to both proximate and producing cause is
causation in fact, including the requirement that the defendant's conduct or product be a substantial factor in bringing about
the plaintiff's injuries. 

 

Union Pump Co. v. Allbritton, 898 S.W.2d at 775 (internal citations omitted); see also Stewart v. Transit Mix Concrete &
Materials Co., 988 S.W.2d at 255 ("The difference is that proof of proximate cause entails a showing that the incident was
foreseeable, while proof of producing cause does not. The element common to both proximate cause and producing cause
is actual causation-in-fact."); Rodriguez v. Hyundai Motor Co., 944 S.W.2d 757, (Tex. App.--Corpus Christi 1997)
(Seerden, C.J., dissent) rev'd on other grounds Hyundai Motor Co. v. Rodriguez, 995 S.W.2d 661 (Tex. 1999) ("Proximate
and producing cause differ in that, while both require a showing of causation in fact, foreseeability is an element of
proximate cause, but not of producing cause.") 

 Accordingly, because we conclude that the Caller-Times proved as a matter of law that its conduct was not the cause in
fact of the plaintiffs' injuries, we hold that summary judgment on the plaintiffs' negligence claim was proper. See also Boys
Clubs, 907 S.W.2d at 477. 

Warranty Claims

 Liability for breach of warranty also requires a showing of proximate cause. Hyundai Motor Co. v. Rodriguez ex rel.
Rodriguez, 995 S.W.2d 661, 667 (Tex. 1999). As we have previously explained, because we have held that defendant
conclusively negated cause in fact, proximate cause was necessarily negated at the same time. We affirm the trial court's
grant of summary judgment on the plaintiff's warranty claims. Accordingly, we affirm the trial court's grant of summary
judgment in all respects. 



J. BONNER DORSEY, 

Justice 



Do not publish . 

Tex. R. App. P. 47.3(b). 



Opinion delivered and filed 

this 13th day of July, 2000.