In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-01-00128-CV


______________________________




FAUSTO AUGUSTIN JULIAN, Appellant



V.



BALU PATEL, INDIVIDUALLY, AND


SUPER TINT, INC., Appellees



 


On Appeal from the 113th Judicial District Court


Harris County, Texas


Trial Court No. 2000-30044




 





Before Grant, Ross, and Cornelius,* JJ.

Opinion by Justice Grant



______________

*William J. Cornelius, Chief Justice, Retired, Sitting by Assignment

O P I N I O N



 Fausto Augustin Julian filed suit against Balu Patel and Super Tint, Inc. for personal injuries
suffered March 5, 2000, while working as a day laborer on appellees' property. Appellees moved
for summary judgment on both traditional and no evidence grounds. After a hearing, the motion was
granted by the trial court July 16, 2001.

 In three points of error, Julian asserts the trial court erred in granting summary judgment
because: 1) evidence was legally and factually sufficient to show that appellees owed a duty to
Julian, and genuine issues of material fact exist as to this matter, 2) genuine issues of material fact
exist as to causation, and 3) genuine issues of material fact exist as to the individual liability of Patel
and the corporate liability of Super Tint, Inc.

 There is evidence of the following: On the morning of March 5, 2000, Patel hired Julian off
a street corner, after finding Julian standing with a group of men who were all looking for work. The
intersection was an area frequented by day laborers looking for work. When Patel picked him up,
Julian did not know what kind of work he would be doing, and there was no discussion of what
would be expected. Patel spoke no Spanish, while Julian spoke no English. Julian simply relied on
his belief that he would do whatever work Patel directed and that he would be paid something fair
after the work was done. Julian also relied on his past experience with Patel because he had hired
Julian under similar circumstances fifteen days earlier. 

 Julian was hired March 5 to clean up the parking lot and garage at Super Tint, wash the
windows, and haul debris out of the building. He was first driven to Patel's residence, where Julian
was directed to move some dirt in the yard. After this was done, Patel drove Julian to the Super Tint
property. March 5, 2000, was a Sunday, and the business was closed to the public. Patel
communicated to Julian what he wanted done by means of hand gestures and demonstration. He
showed Julian what needed to be cleaned and where the broom and dumpster were located. Patel
provided all of the equipment for both jobs, including tools for moving the dirt at Patel's residence,
as well as window washing supplies and a broom at Super Tint. Patel did not leave the Super Tint
premises while Julian was working, but did, at times, go into an office adjacent to the garage to do
paperwork. 

 While Julian was sweeping, Patel interrupted him and instructed him to clean his hands. 
Patel then instructed Julian to assist him in moving some large pieces of glass and gestured toward
where the glass would be moved. Several pieces of glass were moved, with the two of them lifting
the glass together. Some pieces were placed outside the garage against the fence, and others were
placed in a track along the wall inside the garage. Patel directed which pieces should go where. 

 As the two of them attempted to move a five-foot-by-five-foot sheet of glass, Patel lifted his
end, but Julian lost his grip. The glass fell, cutting Julian's wrist. Julian was taken to Herman
Hospital, where he underwent surgery to repair lacerations to nerves and tendons in his wrist. Patel
did not provide Julian with any special equipment or gloves to use while moving the glass. 

 Julian brought suit for negligence against Patel individually and against Super Tint under a
vicarious liability theory. Patel and Super Tint jointly filed a Motion for Summary Judgment,
asserting both traditional and no evidence bases. After a hearing, the trial court granted the motion. 
In this appeal, Julian has challenged all of the grounds on which summary judgment could have been
granted. The judgment of the trial court cannot be affirmed on any ground not specifically presented
in the Motion for Summary Judgment. City of Houston v. Clear Creek Basin Auth., 589 S.W.2d 671,
675 (Tex. 1979). Because the trial court did not specify the grounds on which it relied in granting
the summary judgment, we will affirm if any of the grounds in the motion is meritorious. See Star-Telegram, Inc. v. Doe, 915 S.W.2d 471, 473 (Tex. 1995). If no grounds are found to be meritorious,
we will reverse and remand for a trial on the merits. See Jones v. Strauss, 745 S.W.2d 898, 900
(Tex. 1988). 

Traditional Summary Judgment Motion

 Under Tex. R. Civ. P. 166a(c), appellees contended 1) that as an independent contractor,
Julian was required to provide any and all necessary equipment, 2) that as an independent contractor,
Julian had exclusive control over the work to be performed, 3) that appellees' failures to act, as
alleged in the petition, did not give rise to liability, 4) that appellees' failures to act did not
proximately cause Julian's injury, and 5) that Patel cannot be liable in his individual capacity because
he was acting as an officer of Super Tint, the work was performed for the benefit of Super Tint, and
the incident occurred on Super Tint property. 

 When reviewing a traditional summary judgment, this court must view the evidence in favor
of the nonmovant, resolving all doubts and indulging all reasonable inferences in favor of reversal
of the summary judgment. Nixon v. Mr. Prop. Mgmt. Co., 690 S.W.2d 546, 549 (Tex. 1985). The
standards that must be applied when reviewing a traditional summary judgment have been clearly
mandated by the Texas Supreme Court:

 1. The movant for summary judgment has the burden of showing that
there is no genuine issue of material fact and that it is entitled to judgment as a matter
of law. 


 2. In deciding whether there is a disputed material fact issue precluding
summary judgment, evidence favorable to the non-movant will be taken as true. 


 3. Every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its favor. 


Id. at 548-49. Further, this court must not consider evidence that favors the movant unless it is
uncontroverted. Great Am. Reserve Ins. Co. v. San Antonio Plumbing Supply Co., 391 S.W.2d 41,
47 (Tex. 1965). A defendant-movant is entitled to summary judgment if he establishes, as a matter
of law, that at least one element of the plaintiff's cause of action does not exist. Sakowitz, Inc. v.
Steck, 669 S.W.2d 105, 107-08 (Tex. 1984). 

 Appellees argue that because Julian was an independent contractor, he was required to
provide any and all necessary equipment. Appellees also argue that as an independent contractor,
Julian had exclusive control over the means of performing the work. Patel and Super Tint bear the
burden of conclusively establishing their right to summary judgment on these grounds. Tex. R. Civ.
P. 166a(c). Under their proposed argument, this can only be done by conclusively establishing that
Julian was in fact an independent contractor.

 Julian alleged six theories of negligence: failure to warn of the dangers of carrying glass
without proper equipment, failure to take safety precautions while lifting the glass, failure to exercise
control with reasonable care, failure to provide proper equipment, failure to provide a reasonably
safe place to work, and failure to establish proper safety procedures. Appellees' arguments challenge
two of the six theories of negligence on which Julian's cause of action relies. If these arguments are
correct, Julian would be unable to recover for his allegations of failure to provide proper equipment
and to exercise control with reasonable care. 

 On both points, appellees maintain that no duty can ever arise between an employer and an
independent contractor. From this premise, they argue that the summary judgment evidence shows
Julian was an independent contractor. Appellees assert that Julian judicially admitted his status as
an independent contractor and that this admission conclusively establishes their right to judgment
as a matter of law. Appellees rely entirely on this alleged "admission" as summary judgment
evidence to establish their right to summary judgment. Julian's second amended petition, in the
statement of facts, reads, "Plaintiff, an independent contractor, was hired by Defendant, Patel, . . .
." Assertions of fact in the live pleadings of a party, not pleaded in the alternative, are regarded as
formal judicial admissions. Houston First Am. Sav. v. Musick, 650 S.W.2d 764, 767 (Tex. 1983). 
A judicial admission conclusively proves the admitted fact as against the party who makes it. The
opposing party is relieved of the burden of proving the admitted fact, and the admitting party is
barred from disputing it. Hennigan v. I.P. Petroleum Co., 858 S.W.2d 371, 372 (Tex. 1993) (citing
Mendoza v. Fid. & Guar. Ins. Underwriters, Inc., 606 S.W.2d 692, 694 (Tex. 1980)). Judicial
admissions are limited to matters of fact.

 As used in appellees' argument, the term "independent contractor" is not a fact, but a legal
conclusion. We recognize that words and phrases can often carry multiple meanings in verbal
communication. "Independent contractor," as used in the pleadings, describes a common situation
among short-term laborers: a worker for whom the employer does not contribute payroll taxes. This
fact may be considered in determining whether appellees owed a duty to Julian, but it is not
conclusive as to their legal relationship. "Independent contractor," in the legal idiom, is a term used
to describe a specific relationship among the parties. Used in this sense, the term is not a fact, but
represents a characterization drawn from underlying facts. Whether the facts in any given case create
such a relationship is not an issue that can be judicially admitted. 

 Whether Julian was an employee or an independent contractor will determine what duties,
if any, Patel and Super Tint owed to Julian. Whether Julian was an employee or an independent
contractor depends on the degree of control Patel exercised over Julian's work. The meaning of the
word employee is the same whether it is construed in the context of a common-law liability claim
or one arising from workers' compensation statutes. Gulf States Underwriters of La., Inc. v. Wilson,
753 S.W.2d 422, 426 (Tex. App.-Beaumont 1988, writ denied) (citing Northwestern Nat'l Life Ins.
Co. v. Black, 383 S.W.2d 806, 810 (Tex. Civ. App.-Texarkana 1964, writ ref'd n.r.e.)). In legal
usage, employee broadly includes all persons of whatever rank or position who are subject to the
direction and control of another, such that the relation of employer to employee is like that of master
to servant. See Black, 383 S.W.2d at 810. Employee has a broader, more liberal meaning than
servant and includes everyone engaged in the service of another, whether performing manual labor
or occupying positions of trust, so long as they remain under the ultimate control of the employer.
Maryland Cas. Co. v. Kent, 271 S.W. 929, 933 (Tex. Civ. App.-Beaumont 1925), aff'd, 3 S.W.2d
414 (Tex. Comm'n App. 1928, judgm't adopted). 

 A contractor has been defined as "any person who, in the pursuit of an independent business,
undertakes to do a specific piece of work for other persons, using his own means and methods,
without submitting himself to their control in respect to all its details." Pitchfork Land & Cattle Co.
v. King, 162 Tex. 331, 346 S.W.2d 598, 602-03 (1961); Duran v. Furr's Supermarkets, Inc., 921
S.W.2d 778, 786 (Tex. App.-El Paso 1996, writ denied); Hoechst Celanese Corp. v. Compton, 899
S.W.2d 215, 220 (Tex. App.-Houston [14th Dist.] 1994, no writ). Although many factors may
contribute to the determination of whether a person is an employee or an independent contractor, the
fundamental factor is the right of control. Duran, 921 S.W.2d at 786; see Ross v. Tex. One P'ship,
796 S.W.2d 206, 210-11 (Tex. App.-Dallas 1990), writ denied, 806 S.W.2d 222 (Tex. 1991) (per
curiam).

 The "supreme test" is whether the employer had a right to exercise control over the details
of the other party's work. Wilson, 753 S.W.2d at 426 (citing Newspapers, Inc. v. Love, 380 S.W.2d
582, 590 (Tex. 1964)). To be liable, the employer's control must have related to the condition or
activity that caused the injury. See Arlen v. Hearst Corp., 4 S.W.3d 326, 327-28 (Tex.
App.-Houston [1st Dist.] 1999, pet. denied). 

 In this case, the facts demonstrate that Julian worked at the convenience and under the
constant supervision of Patel. Julian was paid by the day, not by the job. Julian did not know the
tasks he would be expected to perform until Patel gave instructions at each stage of progress. Patel
was on the premises the entire time Julian was working. Patel not only directed each of Julian's
activities, he was working jointly with Julian at the time Julian was injured. There is evidence
showing that Julian acted as Patel's employee, because Patel had the right to control the progress,
details, and methods of operation of Julian's work. See Thompson v. Travelers Indem. Co. of Rhode
Island, 789 S.W.2d 277, 278 (Tex. 1990). The facts on the degree of control exercised are disputed,
and resolution of this factual dispute will determine whether Patel or Super Tint owed a duty of
reasonable care to Julian. Taking all inferences in favor of Julian, Patel exercised sufficient control
over the activities of Julian to subject Patel to liability as a master or employer. We must, for the
purpose of summary judgment, consider Julian to be an employee of Super Tint. (1) 

 Appellees have failed to demonstrate their right to summary judgment under Rule 166a(c)
because they have not conclusively proven Julian was an independent contractor. They have thus
failed to establish that Julian was required to provide all necessary equipment or that Julian had
exclusive control over the means of performing the work. This ground of the summary judgment
also fails to provide an adequate basis for the trial court's judgment.

 Patel and Super Tint also argue in the alternative that even if some duty existed, they had no
duty to act affirmatively and that liability cannot be predicated on 1) failure to provide equipment
to Julian for use in performing the work requested, or 2) failure to provide instructions to Julian
about how to do the work. These contentions are incorrect. In Texas, an employer has a
"nondelegable and continuous" duty to an employee to provide adequate help in performance of the
work assignment. Harrison v. Oliver, 545 S.W.2d 229 (Tex. Civ. App.-Houston [1st Dist.] 1976,
writ dism'd). The employer has a similar duty to provide the employee with safe instrumentalities
and tools, and to provide a safe place to work. Id. at 230 (citing W. Union Tel. Co. v. Coker, 146
Tex. 190, 204 S.W.2d 977 (1947)); Fort Worth Elevators Co. v. Russell, 123 Tex. 128, 70 S.W.2d
397, 401 (1934); Otis Elevator Co. v. Joseph, 749 S.W.2d 920, 926 (Tex. App.-Houston [1st Dist.]
1988, no writ). Appellees' position can only be maintained if Julian was an independent contractor
rather than an employee. In support of this position, they argue there is evidence tending to show
that Julian was acting as an independent contractor. This argument fails to grasp the relevant
standard. Appellees have the burden to conclusively prove, as a matter of law, their right to
summary judgment. All inferences at the summary judgment stage must be taken in favor of Julian. 
The only permissible inference under the relevant legal standard is that Julian was an employee of
Super Tint. See Nixon, 690 S.W.2d at 549. Appellees alleged failures to act could give rise to
liability. Appellees failed to prove they were entitled to summary judgment on this ground.

 Appellees also contended that the alleged failures to act did not proximately cause the injuries
sustained by Julian. Proximate cause is generally a mixed question of law and fact for the jury to
determine. Ely v. Gen. Motors Corp., 927 S.W.2d 774, 781 (Tex. App.-Texarkana 1996, writ
denied). A lack of proximate cause, however, may be established as a matter of law where the
circumstances are such that reasonable minds could not arrive at a different conclusion. See Lear
Siegler, Inc. v. Perez, 819 S.W.2d 470, 471 (Tex. 1991); Ely, 927 S.W.2d at 781. Proximate cause
consists of both cause in fact and foreseeability. Union Pump Co. v. Allbritton, 898 S.W.2d 773, 775
(Tex. 1995); Travis v. City of Mesquite, 830 S.W.2d 94, 98 (Tex. 1992). Cause in fact means that
the defendant's act or omission was a substantial factor in bringing about the injury, without which
the injury would not have otherwise occurred. Allbritton, 898 S.W.2d at 775; Prudential Ins. Co.
of Am. v. Jefferson Assocs., Ltd., 896 S.W.2d 156, 161 (Tex. 1995). Cause in fact is limited by
foreseeability: whether the actor, as a person of ordinary intelligence, should have anticipated the
dangers his negligent act created for others. Travis, 830 S.W.2d at 98; Nixon, 690 S.W.2d at 549-50. 
Foreseeability does not require that the actor anticipate the precise manner in which the injury will
occur, but only the general character of the injury. Travis, 830 S.W.2d at 98; El Chico Corp. v.
Poole, 732 S.W.2d 306, 313 (Tex. 1987); Nixon, 690 S.W.2d at 550.

 It is undisputed that Patel instructed Julian to help move the glass and that Patel directed and
participated in the actual moving of the glass. Julian provided evidence that Patel failed to provide
any safety instructions, gloves, or other equipment related to handling the glass and that Super Tint
in fact did not have any such procedures or equipment. Patel further admitted he did not know how
to safely handle glass of this type. Julian also provided evidence that Patel failed to look to see
whether Julian had a good grip before lifting the glass and that Patel lifted the glass before Julian,
in fact, had a good grip. It is foreseeable that improperly handled glass may break and that broken
glass may cause injuries such as the lacerations suffered by Julian. It is also foreseeable that proper
safety equipment and procedures could help avoid injuries such as those suffered by Julian. We have
already determined for the purposes of this appeal that appellees owed a duty of reasonable care to
Julian. Appellees failed to conclusively establish, as a matter of law, that the omissions alleged did
not proximately cause Julian's injuries. See Tex. R. Civ. P. 166a(c). 

 The sole remaining ground on which the traditional summary judgment motion could have
been properly granted applies to Patel individually, but not to Super Tint. Under the traditional Rule
166a(c) summary judgment standard, Patel contends he is immune from suit for his personal acts of
negligence because he was acting in his capacity as a corporate officer, his acts were for the benefit
of the corporation, and the incident occurred on corporate property. Patel bears the burden to prove
conclusively there is no genuine issue of material fact and he is entitled to summary judgment on this
issue as a matter of law. Tex. R. Civ. P. 166a(c). Patel and Super Tint have admitted, in their joint
Motion for Summary Judgment, that Patel was acting within the scope of his employment as an
agent of Super Tint. This is sufficient to establish that Super Tint will be vicariously liable for
Patel's negligent acts. Patel correctly points out he cannot be held personally liable for acts of the
corporation. See, e.g., Menetti v. Chavers, 974 S.W.2d 168, 171 (Tex. App.-San Antonio 1998, no
pet.). Patel is also immune from personal liability where the duty breached is charged only to the
corporate entity, such as the duty to provide a safe workplace. See Leitch v. Hornsby, 935 S.W.2d
114, 117 (Tex. 1996). 

 Neither of these rules shield Patel from his own acts of negligence toward another. A
corporate officer or agent can be liable to others, including other company employees, for his or her
own negligence. Individual liability arises only when the officer or agent owes an independent duty
of reasonable care to the injured party apart from the employer's duty. Id. As the Texas Supreme
Court noted, 

 [A]n agent whose negligence causes an auto accident may be held individually liable
along with his or her employer when driving in the course and scope of employment. 
See Schneider v. Esperanza Transmission Co., 744 S.W.2d 595, 596-97 (Tex. 1987)
(liability for negligent entrustment "rests upon the combined negligence of the owner
[employer] . . . and negligence of the driver"); Le Sage v. Pryor, 137 Tex. 455, 154
S.W.2d 446, 448 (Tex. Comm'n App. 1941) (employer and employee subject to
liability for auto accident). Because the agent owes a duty of reasonable care to the
general public regardless of whether the auto accident occurs while driving for the
employer, individual liability may attach. See Schneider, 744 S.W.2d at 596-97.


Id.


 Patel has admitted directing the activities of Julian with respect to moving the glass. Patel
further admitted he was lifting the glass at the time Julian was injured. Julian has alleged that Patel
was negligent in the manner in which he handled the piece of glass and that this act caused Julian's
injuries. By participating in the act of moving the glass, Patel owed an independent duty of
reasonable care to Julian, apart from his duty as Julian's employer.

 Patel broadly asserted summary judgment was proper because none of his actions gave rise
to personal liability. Patel bears the burden to prove conclusively that there is no genuine issue of
material fact and that he is entitled to summary judgment on this issue as a matter of law. Tex. R.
Civ. P. 166a(c). Since the summary judgment evidence shows that at least one of his actions could
give rise to personal liability, Patel was not entitled to summary judgment on this ground.

 Finding none of the grounds in appellees' traditional Motion for Summary Judgment to be
meritorious, we cannot affirm the trial court's judgment on the bases presented therein. See State
Farm Fire & Cas. Co. v. S.S., 858 S.W.2d 374, 380 (Tex. 1993). 

No-Evidence Motion for Summary Judgment

 Appellees asserted under Rule 166a(i) there was no evidence on the elements of duty or
proximate cause. A no-evidence summary judgment is improperly granted if nonmovant produces
more than a scintilla of evidence raising a genuine issue of material fact on all challenged elements
of his claim. Tex. R. Civ. P. 166a(i); see also Morgan v. Anthony, 27 S.W.3d 928, 929 (Tex. 2000)
(citing Flameout Design & Fabrication, Inc. v. Pennzoil Caspian Corp., 994 S.W.2d 830, 834 (Tex.
App.-Houston [1st Dist.] 1999, no pet.)). We consider the evidence in the light most favorable to
the nonmovant. Morgan, 27 S.W.3d at 929.

 Appellees moved for summary judgment under Rule 166a(i), contending 1) there was no
evidence appellees controlled Julian's work such that they owed him any duty, and 2) there was no
evidence appellees engaged in any affirmative conduct which proximately caused the incident. 
Julian bears the burden of bringing forward more than a scintilla of evidence that raises an issue of
material fact on the duty owed to him and breach of that duty. Tex. R. Civ. P. 166a(i). As shown
above, there is more than a scintilla of evidence that raises fact issues with respect to both the duty
and proximate cause elements. Julian has met his burden to defeat appellees' no-evidence motion
on both the duty and proximate cause issues. Appellees' no-evidence motion cannot serve as a
proper basis for summary judgment.



CONCLUSION

 No ground in the appellees' summary judgment motion was meritorious. Julian produced
sufficient summary judgment evidence on the issues of duty, breach, and proximate cause to defeat
the no-evidence grounds of the motion. Patel failed to prove he was shielded from liability by his
status as a corporate employee. Patel and Super Tint failed to prove Julian was an independent
contractor. Neither Patel nor Super Tint demonstrated they were entitled to summary judgment as
a matter of law. 

 The judgment of the trial court is reversed, and the cause is remanded for further proceeding.




 Ben Z. Grant

 Justice


Date Submitted: February 28, 2002

Date Decided: June 14, 2002


Do Not Publish
1. Even if we were to conclude Julian was an independent contractor, that would not end the
inquiry as to whether a duty existed. An employer may still owe a duty to independent contractors
and the independent contractors' employees to the extent that the employer retains control over some
aspect or aspects of work progress. As the Texas Supreme Court observed,


 One who entrusts work to an independent contractor, but who retains the control of
any part of the work, is subject to liability for physical harm to others for whose
safety the employer owes a duty to exercise reasonable care, which is caused by his
failure to exercise his control with reasonable care. 


Redinger v. Living, Inc., 689 S.W.2d 415, 418 (Tex. 1985) (quoting and adopting rule announced
in Restatement (Second) of Torts § 414 (1977)). This rule applies where the employer retains
less control than would subject him to liability as a master. Redinger, 689 S.W.2d at 418 (citing
Restatement (Second) of Torts § 414, comments a and c (1965)).